**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Francisco Lopez and Juan Carlos Mendez, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 17-cv-6078 |
| Plaintiffs, | **COMPLAINT** |
| - vs. – | |
| Ki Moon Restaurant Corp. d/b/a Pink Nori, Jesse Tang, Danny Tang and Shirley Tang, | |
| Defendants. | |

Plaintiffs Francisco Lopez and Juan Carlos Mendez, by and through their undersigned attorneys, for their complaint against defendants Ki Moon Restaurant Corp. d/b/a Pink Nori, Jesse Tang, Danny Tang and Shirley Tang, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiffs Francisco Lopez and Juan Carlos Mendez allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Ki Moon Restaurant Corp. d/b/a Pink Nori, Jesse Tang, Danny Tang and Shirley Tang, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Plaintiffs further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for defendants' unlawful retention of a portion of plaintiffs' tips; (v) liquidated damages

pursuant to New York Labor Law for these violations; and (vi) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.   Plaintiff Mr. Lopez is an adult individual residing in Queens, New York.

4.   Plaintiff Mr. Mendez, who was called "Jason" while working for defendants, is an adult individual residing in Queens, New York.

5.   Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

6.   Upon information and belief, defendant Ki Moon Restaurant Corp. d/b/a Pink Nori ("Pink Nori") is a New York corporation with a principal place of business at 30-06 30th Avenue, Astoria, New York.

7.   At all relevant times, defendant Pink Nori has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.   Upon information and belief, at all relevant times, defendant Pink Nori has had gross revenues in excess of $500,000.00.

9.  Upon information and belief, at all relevant times herein, defendant Pink Nori has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10.  Upon information and belief, at all relevant times, defendant Pink Nori has constituted an "enterprise" as defined in the FLSA.

11.  Upon information and belief, defendant Jesse Tang is an owner or part owner and principal of Pink Nori, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12.  Defendant Jesse Tang was involved in the day-to-day operations of Pink Nori and played an active role in managing the business.

13.  Upon information and belief, defendant Danny Tang is an owner or part owner and principal of Pink Nori, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14.  Defendant Danny Tang was involved in the day-to-day operations of Pink Nori and played an active role in managing the business.

15.  Upon information and belief, defendant Shirley Tang is an owner or part owner and principal of Pink Nori,

who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16.   Defendant Shirley Tang was involved in the day-to-day operations of Pink Nori and played an active role in managing the business.

17.   Defendants constituted "employers" of Mr. Lopez as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

18.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.   In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

20.   Pursuant to 29 U.S.C. § 206 and § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

All persons who are or were formerly employed by
defendants in the United States at any time since
October 17, 2017, to the entry of judgment in
this case (the "Collective Action Period"), who
were restaurant employees, and who were not paid
statutory minimum wages and/or overtime
compensation at rates at least one-and-one-half
times the regular rate of pay for hours worked in
excess of forty hours per workweek (the
"Collective Action Members").

21. The Collective Action Members are similarly
situated to plaintiffs in that they were employed by
defendants as non-exempt restaurant employees, and were
denied payment at the statutory minimum wage and/or were
denied premium overtime pay for hours worked beyond forty
hours in a week.

22. They are further similarly situated in that
defendants had a policy and practice of knowingly and
willfully refusing to pay them the minimum wage or
overtime.

23. Plaintiffs and the Collective Action Members
perform or performed the same or similar primary duties,
and were subjected to the same policies and practices by
defendants.

24. The exact number of such individuals is presently
unknown, but is known by defendants and can be ascertained
through appropriate discovery.

**FACTS**

25.   At all relevant times herein, defendants owned and operated a sushi restaurant under the name Pink Nori.

26.   Mr. Lopez was employed at Pink Nori from approximately June 2016 through September 2017.

27.   Mr. Mendez was employed at Pink Nori from approximately March 2016 through February 2017, and then again from April 2017 until July 2017.

28.   Plaintiffs were employed as delivery persons; however, they also had numerous non-delivery duties at the restaurant, such as cleaning the restaurant and sidewalk, washing dishes, taking out the trash, and helping prepare sauces and other food.

29.   Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

30.   At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

31.   Plaintiffs regularly worked six days per week for defendants – five days of 12 or 13 hours, and one half-day of five hours.

32.  As a result, plaintiffs routinely each worked roughly 67 hours per week for defendants.

33.  Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

34.  Mr. Lopez was paid $50/day throughout his employment.

35.  Mr. Mendez was paid $50/day for roughly the first five months of his employment.  After that, he began receiving $320/week.

36.  Plaintiffs received these amounts for all hours they worked, regardless of the number of hours they worked each day or week.

37.  As a result, plaintiffs' effective rates of pay were always below the statutory federal and state minimum wages in effect at relevant times.

38.  In addition to their pay, plaintiffs generally received tips for their delivery work.

39.  Until approximately June 2016, delivery tips were distributed to delivery persons on an individual basis; commencing in about June 2016, defendants implemented a tip pooling arrangement in which plaintiffs and the other delivery persons were distributed shares from all tips received.

40. However, defendants never provided plaintiffs with any notices or information regarding the "tip credit."

41. Upon information and belief, defendants did not keep complete records of the tips received by plaintiffs.

42. In addition, defendants would routinely retain a portion of the tips earned by plaintiffs and other employees.

43. Moreover, plaintiffs routinely spent several hours each day performing non-tippable work such as cleaning the restaurant and sidewalk, taking out the trash, washing dishes, and helping prepare sauces and other food.

44. Defendants' failure to pay plaintiffs an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

45. Plaintiffs were paid in cash throughout their employment, and they received no paystubs or wage statements of any sort with their pay.

46. When plaintiffs received their pay each week, they were required to sign slips of paper acknowledging same, but they were not permitted to read the slips before signing them and did not receive copies of what they signed.

47.  In addition, defendants failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

48.  Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

49.  Plaintiffs worked five shifts per week that lasted in excess of ten hours from start to finish, yet defendants willfully failed to pay them one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

50.  Defendants failed to provide plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

51. Defendants failed to provide plaintiffs with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

52. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

53. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime and – for tipped employees – the retention of a portion of those tips.

54. Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

55. Upon information and belief, these other individuals have worked in excess of forty hours per week,

yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

56. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

57. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

58. Upon information and belief, the other such individuals who received tips had a portion of their tips retained by defendants without authorization.

59. Upon information and belief, while defendants employed plaintiffs and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide records to employees, and failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act — Minimum Wage)

60. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, defendants employed plaintiffs and the Collective Action Members within the meaning of the FLSA.

62. Defendants failed to pay a salary greater than the minimum wage to plaintiffs and the Collective Action Members for all hours worked.

63. As a result of defendants' willful failure to compensate plaintiffs and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

64. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

65. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover

from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

66. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

67. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

68. Defendants willfully violated plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

69. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

70. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of

the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

71. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

72. At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

73. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

74. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

75. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29

U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

76. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT IV**

**(New York Labor Law - Overtime)**

77. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

78. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79. Defendants willfully violated plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

80.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

81.   Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

82.   Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

83.   At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

84.   Defendants willfully violated plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

85.  Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulatio90ns.

86.  Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law – Illegal tip retention)

87.  Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

88.  At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

89.  Defendants violated plaintiffs' rights by illegally retaining a portion of their tips, in violation of New York Labor Law § 196-d.

90.  Defendants' illegal retention of plaintiffs' tips was willful, and lacked a good faith basis, within the

meaning of New York Labor Law § 198, § 663 and supporting regulations.

91.  Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unlawfully retained tips, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## COUNT VII

### (New York Labor Law – Wage Theft Prevention Act)

92.  Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

93.  At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

94.  Defendants willfully violated plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

95.  Defendants willfully violated plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

96.   Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, plaintiffs are entitled to recover from the defendants statutory damages of $250 per day throughout their employment, up to the maximum statutory damages.

97.   Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs are entitled to recover from the defendants statutory damages of $50 per day throughout their  employment, up to the maximum statutory damages.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and

their counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g.   Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h.   Compensation for monies retained from plaintiffs' tips, in violation of New York Labor Law;

i.   Liquidated damages for defendants' New York Labor Law violations;

j.   Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

k.   Back pay;

l.   Punitive damages;

m.   An award of prejudgment and postjudgment interest;

n.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o.   Such other, further, and different relief as this Court deems just and proper.

Dated:  October 17, 2017

_____
David Stein

SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiffs,
*Individually and on behalf of an*
*FLSA collective action*

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Ki Moon Restaurant Corp. d/b/a Pink Nori and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Ki Moon Restaurant Corp. d/b/a Pink Nori y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..


_____
Francisco Alberto Lopez


Date:  October 9, 2017

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Ki Moon Restaurant Corp. d/b/a Pink Nori and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Ki Moon Restaurant Corp. d/b/a Pink Nori y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Juan Carlos Mendez


Date:  October 16, 2017