**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**FRANCISCO LOPEZ, et al.,**

          Plaintiffs,      **REPORT AND
                      RECOMMENDATION**

    -against-             **17-CV-6078 (LDH) (RLM)**

**KI MOON RESTAURANT CORP., et al.,**

          Defendants.
-------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

   On October 17, 2017, plaintiffs Francisco Lopez and Juan Carlos Mendez (together, "plaintiffs"), on behalf of themselves and all other persons similarly situated, filed this action for overtime, minimum wage, retained tips, and spread-of-hours payments alleged to be owing pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, 206, & 216(b), and the New York Labor Law (the "NYLL"), N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6, respectively, as well as civil damages for recordkeeping violations pursuant to the New York Wage Theft Prevention Act (the "WTPA"), N.Y. Lab. Law §§ 195, 650. See Complaint ("Compl.") (Oct. 17, 2017) ¶¶ 1-2, 57, Electronic Case Filing ("ECF") Document Entry ("DE") #1. The Complaint names as defendants Ki Moon Restaurant Corp., Jesse Tang, Danny Teng, and Shirley Tang (together, "defendants"). See id. ¶ 1. Six months after the lawsuit was filed, and following unsuccessful efforts by the Court to settle the case, see Order (Mar. 9, 2018), DE #20, defendants moved for leave to amend their answer pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, to add a state law counterclaim, over plaintiffs' objection. See Letter Motion for Pre Motion Conference re: Amend Answer (Mar.

11, 2018) ("3/11/18 Def. Letter"), DE #21; Response in Opposition (Mar. 14, 2018) ("3/14/18 Pl. Opp."), DE #22; Response in Opposition (Mar. 23, 2018) ("3/23/18 Pl. Opp."), DE #23; Letter Motion to Amend/Correct/Supplement Answer to Complaint (Mar. 23, 2018) ("3/23/18 Def. Mot."), DE #24; Proposed Amended Answer (Mar. 23, 2018) ("Proposed Am. Ans."), DE #25-1.  For the reasons set forth below, this Court recommends that defendants' motion be denied.

## FACTUAL BACKGROUND

For approximately fifteen months at different, but overlapping times, plaintiffs Lopez and Mendez were employed as delivery drivers, and allegedly performed additional non-delivery duties, for a restaurant owned by defendants.  See Compl. ¶¶ 26-28.  According to the Complaint, plaintiffs each worked 67 hours per week, see id. ¶ 32, but were paid flat sums by the day or week, see id. ¶¶ 34-35, in cash, see id. ¶ 45, resulting in an hourly rate lower than the statutory minimum wage, see id. ¶ 54.  Plaintiffs were not paid overtime wages despite working more than 40 hours per week.  See id. ¶ 47.  In addition, defendants retained a portion of the tips that plaintiffs received pursuant to their delivery duties, see id. ¶ 42, and failed to provide plaintiffs with wage notices upon their hiring or with pay stubs along with their wages, see id. ¶¶ 50-51.

Defendants, in addition to denying plaintiffs' allegations in their Answer, see Answer (Dec. 1, 2017), DE #10, now contend in a proposed counterclaim that plaintiff Lopez sexually harassed his female co-workers, disrupting defendants' business and resulting in his termination, see generally Proposed Am. Ans.  Plaintiffs counter that, even assuming *arguendo* that defendants have standing to complain of sexual harassment against Lopez's co-

workers, the Court lacks subject matter jurisdiction over the proposed state law counterclaim and that defendants have been dilatory in seeking to amend. See 3/14/18 Pl. Opp.; 3/23/18 Pl. Opp. While denying that there was any undue delay in bringing their motion, defendants fail to address the jurisdictional challenge. See 3/23/18 Def. Mot.; see also 3/14/18 Pl. Opp. Having reviewed the applicable case law, the Court concludes that plaintiffs' jurisdictional challenge is well founded and therefore recommends that the motion to amend be denied.[1]

## DISCUSSION

**A. Applicable Legal Standard**

Ordinarily, once an answer is served, Rule 15 of the Federal Rules of Civil Procedure allows a defendant to amend its answer "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although a court should "freely give" leave to amend "when justice so requires[,]." id.; Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)), courts nevertheless retain discretion to deny leave for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party[,]" McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007); see State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). Leave to amend may be denied based on futility where the proposed amendment would not survive a motion to dismiss, see Hadid v. City of New York, 182 F.Supp.3d 4, 12 (E.D.N.Y. 2016), either because it fails to state a legally cognizable claim, see Fed. R. Civ. P. 12(b)(6); AEP Energy Servs. Gas Holding Co. v. Bank of

---

[1] Because the Court's conclusion on the jurisdictional issue is akin to a ruling on a dispositive matter, see Jean-Laurent v. Wilkerson, 461 F.App'x 18, 25 (2d Cir. 2012) (citing Williams v. Beemiller Inc., 527 F.3d 259, 265 (2d Cir. 2008)), the Court issues its opinion as a Report and Recommendation, rather than a Memorandum and Order.

3

America, N.A., 626 F.3d 699, 726 (2d Cir. 2010), or for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(b)(1); Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany, 615 F.3d 97, 99 (2d Cir. 2010); Book v. Tobin, 263 F.App'x 174, 175 (2d Cir. 2008).

In a federal question case such as this one, a district court has supplemental jurisdiction over all claims that are "so related to [the claims within the court's original jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). That condition is satisfied when the claims all "derive from a common nucleus of operative fact," such that a party "would ordinarily be expected to try them all in one judicial proceeding." Valencia *ex rel*. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

**B. Analysis**

Plaintiffs' primary argument is that the motion to amend should be denied because the Court lacks subject matter jurisdiction over defendants' proposed counterclaim, which would thus be subject to dismissal under Rule 12(b)(1). See 3/14/18 Pl. Opp. at 2; 3/23/18 Pl. Opp. at 1-3. Specifically, plaintiffs argue that the parties to the proposed state law counterclaim are not diverse and the claim does not arise out of the same "nucleus of operative fact" as plaintiffs' FLSA claims. See 3/23/18 Pl. Opp. at 2-3.

Defendants' proposed counterclaim alleges that plaintiff Lopez "continually made lewd, sexually-charged and obscene comments to female employees [and] touched [them] in an obscene manner[,]" Proposed Am. Ans., Counterclaim ¶ 1, thereby "caus[ing] anxiety and disruption in the operation of [defendants'] business[,]" id. ¶ 16, and resulting in the termination of Lopez's employment, id. ¶ 9. Assuming *arguendo* that these allegations state

4

some as-yet unspecified cause of action in favor of Lopez's employers,[2] defendants make no attempt to show how that conduct derives from a common nucleus of operative fact. Indeed, as plaintiffs correctly contend, "[c]ourts have repeatedly rejected the notion that claims meet that test merely because they arise out of the same employment relationship." 3/23/18 Pl. Opp. at 2 (citing Rivera v. Ndola Pharm. Corp., 497 F.Supp.2d 381, 395 (E.D.N.Y. 2007)); see Torres v. Gristede's Operating Corp., 628 F.Supp.2d 447, 468-69 (S.D.N.Y. 2008) (collecting cases and dismissing faithless-servant counterclaims alleging sexual harassment and credit card fraud by two plaintiffs, finding those allegations irrelevant to plaintiffs' FLSA overtime claims); accord Kobeck v. Armonk Bristal LLC, 16 CV 8770 (VB), 2018 WL 1406623, at *3 (S.D.N.Y. Mar. 19, 2018); Zhang v. Akami Inc., 15-CV-4946 (VSB), 2017 WL 4329723, at *10-11 (S.D.N.Y. Sept. 26, 2017) (concluding that the facts underlying plaintiff's FLSA claims and defendants' counterclaims for sexual harassment and related misconduct "d[id] not substantially overlap," and declining to exercise supplemental jurisdiction over defendants' counterclaims); Anwar v. Stephens, CV 15-4493 (JS)(GRB), 2016 WL 4468090, at *3-4 (E.D.N.Y. Aug. 3, 2016) (recommending dismissal of counterclaims relating to defendants' loans to plaintiff, which were "essentially unrelated to the facts underlying plaintiffs' FLSA and NYLL claims"), adopted, 2016 WL 4468239 (E.D.N.Y. Aug. 24, 2016); Mori v. El Asset Mgmt., Inc., 15 Civ. 1991 (AT), 2016 WL 859336, at *3 (S.D.N.Y. Jan. 28, 2016) (dismissing fathless-servant counterclaim, which was "factually distinct" from plaintiffs' FLSA claims); Hernandez v. Mauzone Home Kosher Prods. of

---

[2] But cf. Barbagallo v. Marcum LLP, 820 F.Supp.2d 429, 442 (E.D.N.Y. 2011); Farricker v. Penson Dev., Inc., No. 07 Civ. 11191(DAB), 2010 WL 845983, at *2 (S.D.N.Y. Mar. 4, 2010); Gortat v. Capala Bros., 585 F.Supp.2d 372, 375-76 (E.D.N.Y. 2008); see also 3/23/18 Pl. Opp. at 2.

Queens, Inc., No. 12-CV-2327 (SJ)(JMA), 2013 WL 5460196, at *2 (E.D.N.Y. Sept. 30, 2013) (dismissing FLSA plaintiff's state and city age discrimination claims).

Here, as in Torres and Zhang, which likewise involved counterclaims based on alleged sexual harassment on the part of plaintiffs in FLSA cases, the employment relationship is the only connection between plaintiffs' wage-and-hour claims and defendants' (proposed) counterclaim. As demonstrated in Torres and its progeny, such a tenuous link is insufficient to warrant a court's exercising its supplemental jurisdiction over such a claim.

Defendants do not address, let alone attempt to distinguish Torres, Zhang and other similar cases. Although defendants contend that Lopez was fired on account of his alleged misconduct, plaintiffs' wage-and-hour claims in no way challenge the termination of his employment, which thus is not an issue in this case. Nor does defendants' conclusory assertion that "the Complaint was brought in retaliation for Plaintiff's justifiable firing[,]" 3/23/18 Def. Mot. at 5, warrant expanding the case to include otherwise unrelated allegations; indeed, to countenance such a detour from the gravamen of this case would simply invite a counterattack from plaintiffs that defendants' counterclaim was asserted in retaliation for their filing this lawsuit.

The Court's conclusion that the proposed counterclaim is entirely distinct from plaintiffs' wage-and-hour claims is buttressed by defendants' attempt to explain away their delay in seeking to amend their Answer. As plaintiffs correctly argue, defendants "have admittedly known about the facts that underlie their proposed counterclaim[] since September 2017 when they supposedly fired plaintiff Lopez for those acts . . . ." 3/23/18 Pl. Opp. at 3; see 3/14/18 Pl. Opp. at 1 (defendants knew of the alleged misconduct "before the complaint

was even filed, let alone before they filed their answer"). Defendants' response to plaintiffs' charge of undue delay underscores the merit of plaintiffs' jurisdictional challenge. Defendants assert: "Although Defendants indicated to [their] counsel that the Plaintiff was fired because he was bothering other employees, *[defense] counsel did not see this as relevant to the wage and hour claims . . . .*" 3/23/18 Def. Mot. at 3-4 (emphasis added). This Court likewise fails to see the connection between plaintiffs' wage-and-hour claims and defendants' proposed counterclaim. Therefore, defendants' motion to amend should be denied.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that defendants' motion to amend their Answer be denied.

Any objections to the recommendations contained herein must be filed with the Honorable LaShann DeArcy Hall on or before May 8, 2018. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*).

**SO ORDERED.**

**Dated:   Brooklyn, New York**
**April 24, 2018**

/s/   *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**