**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**FRANCISCO LOPEZ and**
**JUAN CARLOS MENDEZ,**

                             **Plaintiffs,**          **REPORT AND**
                                                    **RECOMMENDATION**
     -against-
                                                    **17-CV-6078 (LDH)**
**KI MOON RESTAURANT CORP., et al.,**

                             **Defendants.**
-------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       In this wage-and-hour action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law § 650 *et seq.* ("NYLL"), plaintiffs Francisco Lopez and Juan Carlos Mendez ("plaintiffs") sued their former employers, defendants Ki Moon Restaurant Corp. (doing business as Pink Nori), Jesse Tang, Danny Tang and Shirley Tang (collectively, "defendants"), to recover for deficiencies in the wages they were paid and related damages. See generally Complaint (Oct. 17, 2017) ("Compl."), Electronic Case Filing ("ECF") Docket Entry ("DE") #1. Currently pending before this Court, on a referral from the Honorable LaShann DeArcy Hall, is plaintiffs' motion for attorneys' fees, following a bench trial held by Judge DeArcy Hall. See Motion for Attorneys' Fees (June 15, 2020), DE #50; Order Referring Motion (June 16, 2020).

       For the reasons that follow, this Court recommends that the District Court grant plaintiffs' motion in its entirety, and award plaintiffs $45,427.50 in attorneys' fees and $3,593.96 in costs.

## BACKGROUND

On May 25, 2020, following a one-day bench trial in this case, see Minute Entry (Dec. 17, 2018), Judge DeArcy Hall issued Findings of Fact and Conclusions of Law in favor of plaintiffs; that is, rendering a verdict finding that defendants had violated the FLSA and NYLL by failing to pay plaintiffs minimum and overtime wages, and had violated the NYLL by failing to provide wage notices and weekly wage statements, failing to pay a spread-of-hours premium, and illegally retaining tips. See Findings of Fact and Conclusions of Law (May 15, 2020) ("Verdict"), DE #48.

Plaintiffs now seek an award of $45,427.50 in attorneys' fees for work performed by attorneys at the law firm of Samuel & Stein ("S & S"), as well as $3,593.96 in costs incurred. See Declaration of David Stein (June 15, 2020) ("Stein Decl.") ¶ 21, DE #52. Specifically, plaintiffs seek fees in the amount of $21,442.50 for the 58.6 hours worked by senior partner David Stein and $23,985.00 for 86.2 hours worked by senior associate David Nieporent. See id. In response, defendants acknowledge that the hours alleged to have been spent by plaintiffs' counsel "seem reasonable," see Declaration of Ricardo R. Morel (July 17, 2020) ("Morel Decl.") ¶ 2, DE #54; see id. ¶ 5, but they vaguely question the $400 hourly rate sought for the work performed by Mr. Stein, see id. ¶ 5. For the reasons set forth below, this Court concludes that the application, which defendants "do not find good cause to oppose[,]" id. ¶ 2, should be granted in its entirety.

**DISCUSSION**

**I.     Attorneys' Fees**

Under both the FLSA and NYLL, a prevailing plaintiff is entitled to an award of "reasonable" attorney's fees. See 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); see also Singh v. A & A Mkt. Plaza, Inc., No. CV 15-7396 (AKT), 2019 WL 4861882, at *6 (E.D.N.Y. Sept. 30, 2019). Judge DeArcy Hall expressly found that plaintiffs were "prevailing parties" entitled to an award of fees and costs. See Verdict at 14; see id. at 29.

In considering an application for attorney's fees, the Court must first determine the presumptively reasonable fee. See Safeco Ins. Co. of Am. v. M.E.S., Inc., 790 F.App'x 289, 292 (2d Cir. 2019); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 183-84 (2d Cir. 2008). This presumptively reasonable fee—or lodestar[1]—is essentially "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (citing Arbor Hill, 522 F.3d at 190) (quotations omitted); see Safeco Ins. Co. of Am., 790 F.App'x at 292. The party seeking a fee award bears the burden of establishing the reasonableness of the rates charged and the necessity of the hours spent. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Savoie v. Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999); Fermin v. Las Delicias

---

[1] The lodestar is the product of the number of hours reasonably expended on the litigation and a reasonable hourly rate. See Arbor Hill, 522 F.3d at 183 ("The fee—historically known as the 'lodestar'—to which [ ] attorneys are presumptively entitled is the product of hours worked and an hourly rate.").

Peruanas Rest., Inc., 93 F.Supp.3d 19, 51 (E.D.N.Y. 2015).

Courts can and should exercise broad discretion in determining a reasonable fee award. See Hensley, 461 U.S. at 437 ("The court necessarily has discretion in making this equitable judgment."); Arbor Hill, 522 F.3d at 190 (referencing the court's "considerable discretion"). The method for determining reasonable attorney's fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. See Arbor Hill, 522 F.3d at 184, 186 n.3, 190. In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates awarded in the district in which the reviewing court sits. This is known as the "forum rule." See Simmons, 575 F.3d at 174-75 (recounting history of the forum rule); see also Arbor Hill, 522 F.3d at 191 ("We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally.").

Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee. See Arbor Hill, 522 F.3d at 190. "[A] fee award should be based on scrutiny of the unique circumstances of each case . . . ." McDaniel v. Cty. of Schenectady, 595 F.3d 411, 426 (2d Cir. 2010) (citations and quotations omitted).

A.  Reasonable Hourly Rate

"Reasonable hourly rates for wage and hour cases in this District have generally been

4

set at approximately $300.00 to $400.00 for partners and $100.00 to $300.00 for associates." Xu v. JNP Bus Serv. Inc., No. 16-CV-245 (AMD) (ST), 2018 WL 1525799, at *10 (E.D.N.Y. Feb. 26, 2018) (collecting cases), adopted in part, rejected in part on other grounds, 2018 WL 1525662 (E.D.N.Y. Mar. 28, 2018); see Singh, 2019 WL 4861882, at *9; Hernandez v. Delta Deli Mkt. Inc., 18-cv-00375 (ARR) (RER), 2019 U.S. Dist. LEXIS 23756, at *24-25 (E.D.N.Y. Feb. 12, 2019), adopted, 2019 U.S. Dist. LEXIS 35304 (E.D.N.Y. March 4, 2019). Mr. Stein is a founding partner of S & S, a law firm that concentrates its practice on wage-and-hour litigation. See Stein Decl. ¶ 14. Mr. Stein has been practicing law since 1990, and has focused his practice on FLSA and NYLL lawsuits "almost exclusively since 2008." Id. He represents that his hourly rate is $400 per hour. See id. ¶ 17. Mr. Nieporent is a senior associate, who has been practicing law since 2001. See id. ¶ 16. Like Mr. Stein, he has focused his practice on wage-and-hour litigation since 2008. See id. Mr. Nieporent's hourly rate is $325 per hour. See id. ¶ 17.

As this Court noted in its July 20, 2020 Order, and as Mr. Stein confirmed in his response, he has yet to be awarded fees at the hourly rate of $400 per hour in this District. See Scheduling Order (July 20, 2020); Response to Order to Show Cause (July 24, 2020) at 2, DE #55. In this District, "[r]ates of $400 per hour or higher in FLSA cases have generally been reserved for attorneys with" extensive experience litigating wage-and-hour cases. Villarrubia v. La Hoguera Paisa Rest. & Bakery Corp., 18-CV-4929 (AMD) (PK), 2020 WL 6430327, at *2 (E.D.N.Y. Oct. 9, 2020) (recommending reducing claimed hourly rate to $375 per hour for attorney with 15 years of experience), adopted, 2020 WL 6415171 (E.D.N.Y.

5

Nov. 2, 2020). This Court concludes that Mr. Stein has the requisite experience in this area of the law to justify the higher rate, having handled more than 350 federal wage-and-hour cases and having practiced law for approximately thirty years. See Stein Decl. ¶ 14. An award of $400 per hour here is consistent with recent fee awards in this District for the services of attorneys with similar backgrounds and experience.[2] See Tejada v. La Selecta Bakery, Inc., No. 17-CV-5882 (ERK) (RER), 2020 WL 7249393, at *5 (E.D.N.Y. Sept. 23, 2020) (recommending awarding $400 to founding partner of firm), adopted, 2020 WL 6937882 (E.D.N.Y. Nov. 25, 2020); Martinez v. New 168 Supermarket LLC, No. 19-CV-4526 (CBA) (SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020) (recommending rate of $400 per hour for partner who handled over 500 wage-and-hour cases), adopted, 2020 WL 5259056 (E.D.N.Y. Sept. 3, 2020); Dacas v. Duhaney, 17-CV-3568 (EK) (SMG), 2020 WL 4587343, at *3 (E.D.N.Y. June 18, 2020) (rejecting rate of $625 and recommending hourly rate of $400 for partner with extensive experience), adopted, 2020 WL 4586371 (E.D.N.Y. Aug. 10, 2020); Hernandez, 2019 U.S. Dist. LEXIS 23756, at *25 (recommending award of $400 per hour for managing partner of firm).

Defendants have not opposed Mr. Nieporent's claimed hourly rate of $325. See Morel Decl. ¶ 5. Although $325 per hour is at the upper end of the range of awards for senior

---

[2] Notably, Mr. Stein billed administrative tasks at a reduced rate of $125 and travel time at half his regular rate. See Stein Decl. ¶¶ 11, 20; Attorney Time Records (June 15, 2020), DE #52-1. These rates are also reasonable. See Lilly v. City of New York, 934 F.3d 222, 234 (2d Cir. 2019) (courts have discretion to reduce an attorney's hourly rate for time spent on clerical tasks, but are "not required to make such reductions"); Torcivia v. Suffolk Cty., 437 F.Supp.3d 239, 256 (E.D.N.Y. 2020) ("travel time is appropriately reimbursed at one-half of the determined hourly rate").

associates in this District for FLSA cases, "in the context of attorney's fees awards, one's title is not the dispositive inquiry; rather, it is one's experience, *i.e.*, skill and expertise, that weighs in favor of awarding a requested hourly rate." Rudler v. Houslanger & Assocs., PLLC, Case No. 18-cv-7068 (SFJ)(AYS), 2020 WL 473619, at *5 (E.D.N.Y. Jan. 29, 2020). Regardless of his title, Mr. Nieporent has experience comparable to other attorneys who have been awarded hourly rates above $325.[3] See Villarrubia, 2020 WL 6430327, at *2 (recommending award of $375 per hour to attorney with 15 years' experience litigating in federal court); Cohetero v. Stone & Tile, Inc., 16-CV-4420 (KAM)(SMG), 2018 WL 565717, at *5 (E.D.N.Y. Jan. 25, 2018) (finding $375 per hour appropriate rate for partner with 15 years of experience practicing law). Consequently, and in light of the absence of an objection from defendants, this Court concludes that Mr. Nieporent's requested rate is reasonable. See Vega v. K & C Interior Constr. Corp., No. 18-CV-00182, 2018 WL 4376486, at *7 (E.D.N.Y. Aug. 28, 2018) (recommending an award of attorneys' fees for Mr. Nieporent at the rate of $325 per hour), adopted, 2018 WL 4374911 (E.D.N.Y. Sept. 13, 2018); Fabre v. Highbury Concrete Inc., No. 17-CV-984 (CBA)(PK), 2018 WL 2389719, at *4 (E.D.N.Y. May 24, 2018) (same).

      This Court, therefore, respectfully recommends that Mr. Stein be awarded $400 per hour and Mr. Nieporent $325 per hour, as requested.

---

[3] Mr. Nieporent billed at half his regular rate for second-chairing the trial and for travel time. See Stein Decl. ¶¶ 10, 20. For travel relating to the trial, Mr. Nieporent billed at one-quarter of his regular rate. See Attorney Time Records.

B.      Reasonable Number of Hours

Again, defendants do not dispute that the overall time spent by counsel is reasonable. The work counsel completed over the course of the litigation consists of conducting discovery, including taking defendants' depositions, opposing defendants' attempts to interpose counterclaims and trying the case to verdict.  See Stein ¶ 13.  Mr. Stein states that he "exercised billing judgment" in making the fee application, including reviewing the billing records to ensure that they do not capture "double billing" by him and Mr. Nieporent.  See id. ¶¶ 9, 10.  Indeed, the attorneys did not bill for internal conferences between them.  See id. ¶¶ 10, 20; Attorney Time Records.

Accordingly, this Court recommends awarding plaintiffs attorney's fees in the amount requested of $45,427.50.

## II.    Costs

Plaintiffs further request an award of $3,593.96 for costs incurred, including filing fees, effecting service of process, depositions, transcripts, and interpreters, see Stein Decl. ¶ 22, and have submitted supporting documentation, see Expense Records, DE #52-2.  As a general matter, a prevailing plaintiff in an action under the FLSA and NYLL is entitled to recover costs from the defendant, see 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1), as long as those costs are tied to "[i]dentifiable, out-of-pocket disbursements," see Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp., No. 13 Civ. 3061 (JGK), 2014 WL 2624759, at *8 (S.D.N.Y. June 10, 2014) (quoting Kuzma v. IRS, 821 F.2d 930, 933-34 (2d Cir. 1987)).

Defendants do not "dispute that counsel is entitled to recover" these costs.  See Morel

8

Decl. ¶ 5. The costs requested are clearly recoverable under the applicable case law. See Singh, 2019 WL 4861882, at *11 (awarding costs after trial, including filing fees, interpreter fees, deposition transcript fees, printing and postage, and travel expenses). As noted above, plaintiffs have documented these costs, and they are otherwise reasonable. Accordingly, this Court recommends an award of costs in the amount of $3,593.96.

## CONCLUSION

For the reasons explained above, the Court recommends that the District Court grant plaintiffs' request for $45,427.50 in attorneys' fees and $3,593.96 in costs.

Any objections to the recommendations contained herein must be filed with Judge DeArcy Hall on or before **February 11, 2021**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*).

**SO ORDERED.**

**Dated:** Brooklyn, New York
January 28, 2021

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**